Cite as 2025 Ark. App. 585

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-25-487

| | |
|---|---|
| KATHY TURNER | Opinion Delivered December 3, 2025 |
| APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26JV-23-395] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | HONORABLE LYNN WILLIAMS, JUDGE |
| | REVERSED AND REMANDED |
| APPELLEES | |

## MIKE MURPHY, Judge

Appellant Kathy Turner appeals from the Garland County Circuit Court's termination of her parental rights to her daughter MC (DOB: 11/09/23). On appeal, Turner argues that sufficient evidence does not support the termination of her parental rights on the failure-to-remedy ground; she does not challenge the court's best-interest finding. We reverse and remand the circuit court's decision to terminate Turner's parental rights.[1]

This case was initiated in November 2023 after the Arkansas Department of Human Services (the Department) received a referral from the child-maltreatment hotline the day after MC's birth. The referral indicated Turner had used methamphetamine as well as other illegal substances throughout her pregnancy, which caused developmental issues for MC. To

---

[1]The court also terminated the rights of the father, but he is not a party to this appeal.

prevent removal, the Department offered to provide inpatient treatment at Harbor House, where Turner could maintain custody of MC. Turner, with MC, entered Harbor House on November 16, 2023; however, two days later, Turner stated that she did not believe she needed treatment, and she turned over custody of MC to the Department. The affidavit attached to the emergency petition stated that Turner's substance abuse was impairing her ability to supervise, protect, or care for MC. The affidavit also noted that she frequently described MC in negative terms or acted in negative ways toward her.

The court entered an order for emergency custody on November 27, 2023, and set the case for a probable-cause hearing. Subsequently, Turner stipulated to probable cause and ultimately to a finding that MC was dependent-neglected "based on parental unfitness due to the mother's substance abuse."

By the first review hearing of April 17, 2024, Turner had completed a drug-and-alcohol assessment, but she had not yet begun outpatient treatment, and she struggled with sobriety. She also did not have stable housing or employment. The second review hearing on August 21, 2024, indicated much the same. Turner still struggled with her sobriety, had not started drug treatment or counseling, and was staying in a hotel. As of the November 6 permanency-planning hearing, Turner had begun outpatient treatment, but she had recently tested positive for methamphetamine, and she admitted to its use. She still did not have stable housing or employment. The court changed the goal to adoption, and in response, the Department filed a petition for termination of parental rights.

In that petition, the Department alleged only a single ground: the failure-to-remedy ground, Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)(1)* (Supp. 2025), which allows for termination if termination is in the child's best interest, and

> [t]hat a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve (12) months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.

To support this ground, the petition stated MC was adjudicated dependent-neglected due to parental unfitness because of Turner's substance abuse.

On May 14, 2025, the court held a hearing on the petition. The caseworker testified that Turner started participating in services eleven months into the case. Since the petition for termination had been filed, Turner completed outpatient treatment and had tested negative for drugs, which allowed her to have a trial home placement. The caseworker testified the trial home placement ended within about a month due to the hoarding environment of Turner's home. She admitted Turner continued to test negative on her drug screens, yet she did not believe Turner could maintain a safe environment for MC.

Following the testimony, the court granted the Department's petition. The court entered its written order on May 27, 2025, citing the ground pled in the termination petition—failure to remedy the issues causing removal. In support of this ground the court found,

> Despite the case being opened for almost 18 months and an attempted trial home visit, the juvenile still cannot safely be returned home. During the attempted trial home visit, which lasted approximately 1 month, the juvenile significantly regressed.

3

The parents have demonstrated throughout this case that they are unable to maintain a safe and appropriate home. The mother is not employed.

The court also found that termination would be in MC's best interest. From this order, Turner appeals.

Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights. *Bentley v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 374, at 5, 554 S.W.3d 285, 289. However, the intent behind the termination-of-parental-rights statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective. Ark. Code Ann. § 9-27-341(a)(3); *Lyall v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 81, at 15, 661 S.W.3d 240, 250. As such, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Parks v. Ark. Dep't of Hum. Servs.*, 2024 Ark. App. 488, at 9–10, 699 S.W.3d 408, 414–15.

We review termination-of-parental-rights cases de novo. *Bentley*, 2018 Ark. App. 374, at 4, 554 S.W.3d at 289. To terminate parental rights, the Department must prove by clear and convincing evidence that a minimum of one statutory ground exists and that it is in the child's best interest to do so. Ark. Code Ann. § 9-27-341. Clear and convincing evidence is that degree of proof that will produce in the finder of fact a firm conviction of the allegation sought to be established. *Bentley*, 2018 Ark. App. 374, at 4–5, 554 S.W.3d at 289. In resolving

4

the clearly erroneous question, we give due regard to the opportunity of the circuit court to judge the credibility of witnesses. *Id.* at 5, 554 S.W.3d at 289.

Turner challenges the sufficiency of the evidence supporting the ground the court relied on in terminating her parental rights. She contends the court erred by relying on the failure-to-remedy-conditions-that-caused-removal ground because the issue causing removal was drug use, but that issue had been remedied. While acknowledging that there were other grounds available that were likely supported, she notes this was the sole ground pleaded by the Department. Notably, the Department never amended its petition or moved to conform the pleadings to the proof.

Indeed, according to the caseworker's testimony, the issue causing removal—drug use—had been remedied. Additionally, after the hearing concluded, the court's oral ruling acknowledged Turner's completion of outpatient drug treatment. The court instead focused its reasoning on the environmental state of Turner's home and MC's deteriorated condition after the trial home visit to grant the petition. Neither drug use nor lack of sobriety was mentioned as a basis for termination.

The Department contends the termination order may still be affirmed and asks that we use our de novo review to hold that even if Turner completed rehab and tested negative on drug screens for the few remaining months before the termination hearing, her efforts are considered "eleventh-hour." We decline to do so because that is not our role; the circuit court is the fact-finder, and we determine if that finding is clearly erroneous. In light of the

5

foregoing, we hold that the circuit court clearly erred in finding that the ground for termination was proved by clear and convincing evidence.

Reversed and remanded.

ABRAMSON and THYER, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor child.